UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| MICHELLE KAUFMAN, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 16-10446 |
| WAL-MART STORES, INC., ET AL., | SECTION: "E" (3) |
| Defendants | |

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendants Wal-Mart Stores, Inc., Wal-Mart Louisiana, LLC, and National Union Fire Insurance Company of Pittsburgh, PA, (collectively, "Defendants").[1] The motion is opposed.[2] For the following reasons, the motion for summary judgment is **DENIED**.

### BACKGROUND

This case arises from personal injuries sustained as a result of falling merchandise. The undisputed facts are that on July 18, 2015, Michelle Kaufman ("Plaintiff") was shopping alone at the Wal-Mart store on Tchoupitoulas Street in New Orleans, Louisiana.[3] The Plaintiff proceeded to the pet aisle to get a small "Busy Bone" chew for her dog.[4] The Plaintiff, who was alone on the pet aisle at the time of the accident, located the small "Busy Bone" ("small bone") she wished to purchase. The individually packaged bones were in a box on a shelf below the riser of the shelving unit.[5] When the Plaintiff

---

[1] R. Doc. 26.
[2] R. Doc. 31.
[3] R. Doc. 26-3 at 1; R. Doc. 31-14 at 1; R. Doc. 26-2 at 19–20.
[4] R. Doc. 26-3 at 1; R. Doc. 31-14 at 1; R. Doc. 26-2 at 20.
[5] R. Doc. 26-3 at 1–2; R. Doc. 31-14 at 1–2; R. Doc. 26-2 at 20, 24, 25.

1

took the package containing the small bone from the box, a larger "Busy Bone" ("large bone") fell out of the box, striking her in the face and causing her injuries.[6]

On June 15, 2016, the Plaintiff filed suit against the Defendants for negligence, seeking to recover for past and future medical expenses, physical pain and suffering, mental anguish, and lost wages.[7] The Plaintiff alleges the Defendants negligently failed to properly inspect and maintain the premises, failed to discover and correct an unsafe condition on the premises, failed to exercise reasonable care, and failed to warn the Plaintiff of the dangerous and unsafe condition on the premises.[8]

On May 15, 2017, the Defendants filed a motion for summary judgment, seeking summary relief on the ground that the Plaintiff has produced no evidence establishing their liability.[9] On June 6, 2017, the Plaintiff filed her opposition to the motion for summary judgment.[10] On June 9, 2017, the Defendants filed a reply memorandum in further support of their motion for summary judgment.[11]

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "An issue is material if its resolution could affect the outcome of the action."[13] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing

---

[6] R. Doc. 26-3 at 2; R. Doc. 31-14 at 2; R. Doc. 26-2 at 38.
[7] R. Doc. 1 at 4.
[8] *Id.* at 3.
[9] R. Doc. 26.
[10] R. Doc. 31.
[11] R. Doc. 34.
[12] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[13] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[14] All reasonable inferences are drawn in favor of the nonmoving party.[15] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[16]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[17] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[18]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[19] When proceeding under the first option, if the

---

[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[15] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[17] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[18] *Celotex*, 477 U.S. at 322–24.
[19] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986), and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority

nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[20] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[21] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[22] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[23] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[24]

---

and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[20] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[21] *Celotex*, 477 U.S. at 332–33.
[22] *Id.*
[23] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[24] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.

## LAW AND ANALYSIS

A merchant's duty to keep customers safe from harm caused by falling merchandise is governed by Louisiana Revised Statutes section 9:2800.6(A).[25] Section 9:2800.6(A) provides:

> A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.[26]

Encompassed within the duty imposed on merchants is the "responsibility to place the [merchandise] safely on the shelf in such a manner that the [merchandise] would not fall, as well as to replace safely on the shelf [merchandise] that had been moved or removed."[27] A merchant, through its employees, has the responsibility to "check the shelves periodically to ensure that the [merchandise is] in [a] safe position[] and does not present an unsafe condition."[28] Essentially, this duty requires the merchant's employees to exercise "the degree of care which would lead to discovery of most hazards."[29]

At trial, a plaintiff who is injured by falling merchandise must present, by direct or circumstantial evidence, a prima facie case that a premises hazard existed,[30] by demonstrating that:

(1) he or she did not cause the merchandise to fall;

(2) another customer in the aisle at that moment did not cause the merchandise to fall; and

---

[25] The heightened standard in Louisiana Revised Statutes section 9:2800.6(B), Louisiana's "slip and fall" statute, does not apply to falling merchandise cases. *Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 2000).
[26] LA. REV. STAT. ANN. § 9:2800.6(A).
[27] *Smith v. Toys 'R' Us, Inc.*, 754 So. 2d 209, 215 (La. 1999).
[28] *Id.*
[29] *Matthews v. Schwegmann Giant Supermarkets, Inc.*, 559 So. 2d 488, 488 (La. 1990).
[30] *Davis*, 774 So. 2d at 90.

(3) the merchant's negligence was the cause of the accident.[31]

At trial, "[o]nce a plaintiff proves a prima facie premise[s] hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures."[32]

For the Plaintiff to survive summary judgment, she must establish all the elements of her prima facie case by presenting evidence that, if unrefuted, would entitle her to judgment in her favor. If she accomplishes this, the burden shifts to the Defendants to present evidence that they used reasonable care.

The Plaintiff has met the first element of her prima facie case—that she did not cause the large bone to fall. The Plaintiff testified in her deposition that she did not see the large bone and never touched the large bone before it fell and struck her.[33] If unrefuted, this testimony would be sufficient to establish that the Plaintiff did not cause the bone to fall. "If the court rules that any time a customer reaches for a product and another product falls, the customer caused the accident, it would seem to remove any inquiry as to causation."[34] The second element of the prima facie case—that another customer in the aisle at the moment the incident occurred did not cause the merchandise to fall—is met. It is undisputed that the Plaintiff was alone on the aisle at the time of the incident.[35]

With respect to the third element—whether the Defendants' negligence caused the large bone to fall—the Plaintiff argues she has established the third element of her prima facie case because there is sufficient circumstantial evidence to show the Defendants

---

[31] *Id.*
[32] *Id.* at 90.
[33] R. Doc. 26-2 at 38, 42–43.
[34] *Jackson v. Brookshire Grocery Co.*, 11 So. 3d 741, 744 (La. Ct. App. 3 Cir. 6/3/09).
[35] R. Doc. 26-3 at 1; R. Doc. 31-14 at 1; R. Doc. 26-2 at 19–20.

created a hazardous condition.[36] The Defendants, as movants on summary judgment, contend the Plaintiff has not established the third element of her prima facie case because there exists no evidence in the record to establish that their negligence caused the Plaintiff's injuries.[37]

In the Plaintiff's deposition, she testified that she reached to select a small bone, and when she was drawing the small bone toward her, a large bone fell and struck her in the face.[38] The Plaintiff testified she believed the large bone must have been "laying down in the box" of small bones, and when she grabbed a small bone, the large bone "must have flipped over" out of the box and onto her face.[39] The Plaintiff further testified she did not recall seeing a box of large bones on the shelf near the small bones, so the only "logical explanation" is that the large bone must have been inadvertently placed in the small bone box by another customer or a Wal-Mart employee.[40] The circumstantial evidence that there was a large bone in the box for the small bones, if unrefuted, would establish Wal-Mart's negligence caused the accident either because its employees put the large bone in the box for the small bones or they failed to properly inspect the shelves to ensure the merchandise was in a safe position and did not present an unsafe condition. The Plaintiff, through circumstantial evidence, has established the third element of her prima facie case.

---

[36] R. Doc. 31
[37] *See* R. Doc. 26-1.
[38] R. Doc. 26-2 at 37–38.
[39] *Id.* at 38–39.
[40] *Id.* at 39–40. In her opposition to the motion for summary judgment, the Plaintiff argues the Defendants' stocking procedures created a premises hazard because the box of large bones was stocked on the top shelf, when it should have been shelved on a lower shelf because of the size and weight of the large bones. R. Doc. 31 at 15. In their reply memorandum in support of their motion for summary judgment, the Defendants argue it is immaterial whether the display of large bones was a premises hazard, because the large bone display did not give rise to the Plaintiff's alleged damages. R. Doc. 32-2. The Plaintiff unequivocally testified the large bone that struck her in the face was "laying down in the box" of small bones. R. Doc. 26-1 at 37.

Because the Plaintiff presented a prima facie case of a premises hazard, the burden shifts to the Defendants to present evidence to exculpate themselves from fault by showing that they used reasonable care to avoid the premises hazard, such as evidence of periodic inspection procedures.[41] The Defendants are required to come forward with evidence that would entitle them to a directed verdict if the evidence went uncontroverted at trial.[42] The Defendants, however, present no evidence that they acted with reasonable care, such as evidence of their inspection procedures, their method for training their employees on such inspection procedures, or any testimony of their employees with respect to an employee's responsibility to properly re-shelve merchandise that may have been moved.[43]

The Plaintiff has presented a prima facie case that a premises hazard existed. The Defendants, however, have failed to come forward with sufficient evidence that, if uncontroverted, would entitle them to a directed verdict that that they used reasonable care and did not act negligently. The Defendants have failed to carry their burden and the motion for summary judgment must be denied.

---

[41] *King v. Toys "R" Us – Delaware, Inc.*, 806 So. 2d 969, 970 (La. Ct. App. 2 Cir. 1/23/2002).
[42] *Int'l Shortstop, Inc.*, 939 F.2d at 1263–64.
[43] The Court notes that it is the Defendants who bear the burden of proving a comparative fault defense. "[U]nder Louisiana law, the defendant bears the burden of proving contributory negligence/comparative fault by a preponderance of the evidence." *Barnes v. Quinlan*, No. 01-3770, 2002 WL 31375606, (E.D. La. Oct. 22, 2002). The jury will decide whether the Plaintiff, the Defendants, another customer, or any combination of the three, caused Plaintiff's injuries.

## CONCLUSION

**IT IS ORDERED** that the motion for summary judgment filed by the Defendants[44] is **DENIED**.

**New Orleans, Louisiana, this 20th day of June, 2017.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[44] R. Doc. 26.